## Case No. 2,400.

### CAREY v. COLLIER.

[56 Niles' Reg. 262.]

Circuit Court, S. D. New York.

COPYRIGHT—ACT OF 1831—RESIDENT.

[An officer of the British navy,—traveling through the United States, and considering himself a British subject,—during his stay, filed a declaration of intention to become a citizen. It appeared that, at a time when trouble with Canada seemed imminent, he had offered his services to the province. *Held*, that he was not a resident of the United States, within the meaning of the copyright act of 1831.]

[See Keene v. Wheatley, Case No. 7,644; Boucicault v. Wood, Id. 1,693.]

BETTS, District Judge, presiding. An application was made to the court last week to obtain an injunction to restrain Mr. Collier from selling a cheap edition of Captain Marryatt's new novel, "The Phantom Ship," on the ground that the copyright had been purchased from the author by Carey & Hart. It was contended in favor of the application that Captain Marryatt was, at the time of the sale of the copy-right a resident of the state of Pennsylvania, and therefore had a right, under the law of 1831, to dispose of his works in the same manner as any other American citizen. Against the application it was urged that Captain Marryatt was not a resident of the country, and therefore not entitled to avail himself of the provisions of the law. Captain Marryatt, it was stated, came to this country in the spring of 1837, and traveled over a considerable part of the country. He visited Philadelphia during his stay in the country, and while there, filed a declaration of his intention to become a citizen of the United States. It appeared that, during the whole of the time he was in this country, he not only considered himself a British subject, but was an officer in the British navy, and that during the trouble in Canada, last year, he offered his services, to be employed as an officer in the provincial army.

The judge said that the only question for the court to decide was whether Captain Marryatt was a resident of the country. The term resident had been decided to mean a permanent inhabitant of the state. It was evident that a man who was a mere transient visitant, whose family, business, intentions and relations were all abroad, could not be considered a resident, and the filing a declaration of an intention to become a citizen, could not make him one. The court therefore decided against the application.